UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X

| | | |
|---|---|---|
| JOY GROSS, as proposed administratrix<br>of the ESTATE OF MARILYN PAGANO,<br>JOY GROSS, individually, THOMAS PAGANO<br>and LAURA SMITH | :<br>:<br>:<br>:<br>: | Case No. _____ |
| Plaintiffs, | :<br>:<br>: | |
| - against - | :<br>: | |
| BOAR'S HEAD PROVISION CO., INC.<br>BOAR'S HEAD PROVISIONS, LLC, and<br>EZ HOLDINGS, LLC, | :<br>:<br>:<br>: | **PETITION OF REMOVAL** |
| Defendants. | : | |

------------------------------------------------------------X

Defendant Boar's Head Provisions Co., Inc. ("Boar's Head"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this petition of removal (the "Petition") of this action from the Superior Court of New Jersey, Law Division, County of Monmouth, where it is currently pending, to the United States District Court for the District of New Jersey, and respectfully states as follows:

1.      Plaintiffs Joy Gross, in her capacity as proposed administratrix of the Estate of Marilyn Pagano and in her individual capacity ("Gross"), Thomas Pagano ("Pagano"), and Laura Smith ("Smith" and with Gross and Pagano collectively, "Plaintiffs"), commenced this civil action in the Superior Court of New Jersey, Law Division, County of Monmouth, on or about October 8, 2024 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a) and the Local Rules

of the District of New Jersey, a true and correct copy of the complaint and all other filings filed in the State Court Action are attached as **Exhibit A**.

2.      Boar's Head was served with the complaint via its registered agent in Florida, Corporation Service Company, on December 27, 2024.  *See* Declaration of Joseph Pizzurro, attached as **Exhibit B**, at ¶ 4.  Therefore, this Petition is timely filed in accordance with the provisions of 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because it is brought within 30 days after receipt of the complaint by Boar's Head.

3.      As established herein, Boar's Head is the only properly joined defendant in this civil action.  Therefore, pursuant to 28 U.S.C. § 1446(b)(2)(A), consent to removal is not required from Boar's Head Provisions, LLC ("BH, LLC") and EZ Holdings, LLC ("EZ Holdings"), as these defendants are not properly joined.

4.      This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiffs and defendant Boar's Head and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

5.      Complete diversity of citizenship exists between the parties. Plaintiffs are, and were at the time of the institution of this civil action, citizens of New Jersey (Gross and Pagano) and New York (Smith). Ex. A at ¶¶ 1-3.

6.      Defendant Boar's Head is, and was at the time of the institution of this civil action, a corporation organized and existing under the laws of the State of Delaware (although Plaintiffs have incorrectly alleged that it was incorporated in Florida), having its principal place of business in Sarasota, Florida.  *See* Ex. B, ¶ 3.

7.      Defendant BH, LLC is alleged to be a Domestic Corporation organized and existing under the laws of the State of New Jersey with a principal place of business in Clifton, New Jersey.  Ex. A, ¶ 5.  Defendant BH, LLC was fraudulently joined and its alleged citizenship should not be considered for determining diversity of citizenship.

8.      Defendant EZ Holdings is alleged to be a Domestic Corporation organized and existing under the laws of the State of New Jersey with a principal place of business in Clifton, New Jersey. Ex. A, ¶ 6.[1]  Defendant EZ Holdings was

---

[1] In fact, paragraph 6 of the complaint refers to a different entity name, "EZ Holding, LLC." A New Jersey corporate records search reveals that there is no entity formed in New Jersey by the name of "EZ Holding, LLC." While the corporate records search does uncover a New Jersey entity by the name of "EZ Holdings, LLC," the corporate records show that it was not formed until after the

fraudulently joined and its citizenship should not be considered for determining diversity of citizenship.

9.    "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim" against the non-diverse party. *In re Briscoe*, 448 F3d 201, 215-16 (3d Cir. 2006).

10.    Here there are no colorable grounds or reasonable basis in fact for Plaintiffs' allegations that Defendants BH, LLC and EZ Holdings produced, manufactured, distributed, marketed, supplied, sold, or served the "Boar's Head brand" deli products that allegedly caused decedent's illness and death.

11.    Neither BH, LLC nor EZ Holdings is an authorized distributor of Boar's Head products. Ex. B, ¶ 10.

12.    Neither BH, LLC nor EZ Holdings is a shareholder, subsidiary, or affiliate of Boar's Head. Ex. B, ¶ 13.

13.    Corporate records for BH, LLC and EZ Holdings, obtained from the State of New Jersey, do not identify any individual, business address, or other information demonstrating that either entity has a relationship or connection to Boar's Head.  Both entities are strangers to Boar's Head.  Ex. B, ¶¶ 11-12.

---

formation of BH, LLC, and thus the complaint's allegation that EZ Holdings, LLC is the member/manager of BH, LLC appears to be false as well. In all events, none of these entities has any relationship to Boar's Head or any involvement in the manufacture or supply chain of Boar's Head products. *See* Ex. B.

14.    Neither BH, LLC nor EZ Holdings is part of the manufacture or supply chain of the deli products at issue in this case. Ex. B, ¶ 9. The complaint does not allege any facts to show otherwise, instead improperly grouping the defendants together without providing notice of the allegations or theories of purported liability against BH, LLC or EZ Holdings. Moreover, Boar's Head, and only Boar's Head, is the manufacturer of the deli products at issue (Ex. B, ¶ 5), and the complaint does not provide any basis to overcome New Jersey's innocent seller defense under N.J. Stat. Ann. §2A:58C-9, even if BH, LLC or EZ Holdings were sellers, which they are not. The standard for showing fraudulent misjoinder is satisfied under such circumstances, and the citizenship of Defendants BH, LLC and EZ Holdings must be disregarded.

15.    This case is a civil action within the meaning of the acts of Congress relating to the removal of causes.

## AMOUNT IN CONTROVERSY

16.    The amount in controversy exceeds $75,000, exclusive of costs and interest.

17.    In determining the amount in controversy, the Court must first look to the complaint to assess the damages demanded by the plaintiff. *Angus v. Shiley Inc*., 989 F.2d 142, 145 (3d Cir.1993).  If the complaint does not allege a specific amount in controversy, the Court must perform an independent appraisal

of the value of the claim by looking at the petition for removal or any other relevant evidence. *Penn v. Wal–Mart Stores, Inc.*, 116 F.Supp.2d 557, 561 (D.N.J. 2000) (citing *Angus*, 989 F.2d at 145–46). The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146 (citations omitted).

       18.    Here, Plaintiffs do not specify the amount of damages they are seeking in the complaint.  However, it is more likely than not that, as of the date of removal, that the amount of damages that Plaintiffs seek exceeds $75,000, exclusive of interest and costs. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). This is a wrongful death case and the complaint alleges that Plaintiffs Gross (in her individual capacity), Pagano, and Smith are entitled to recovery of damages for decedent's medical expenses (which include an alleged 19 days of hospitalization) and funeral expenses, loss of consortium, and mental pain and suffering. Ex. A, Count I, ¶¶ 11, 12 & Count II, ¶¶ 13, 14, along with damages for "severe emotional distress." Ex. A, Count III, ¶ 7. The complaint alleges that the Estate has also incurred damages.  Ex. A, Count I, ¶¶ 10, 12 & Count II, ¶¶ 12, 14.  Additionally, the "Plaintiffs, the Estate, and the Survivors claim any and all other damages to which the decedent, the Plaintiffs, the survivors

and the Estate may be entitled to under applicable law." Ex. A, Count I, ¶ 12 & Count II, ¶ 14.

19.    Plaintiffs also seek punitive damages in an unspecified amount Ex. A, Count IV, ¶¶ 1-9, which may be included in an amount in controversy calculation.  *See Zanger v. Bank of America, N.A.*, 20210 WL 3910142, at *4 (D.N.J. Oct. 1, 2010).

20.    Accordingly, the amount in controversy in this wrongful death action exceeds the threshold.

## **CONCLUSION**

21.    A copy of the Petition will promptly be filed with the Clerk of the Superior Court of New Jersey, Law Division, County of Monmouth, as provided by law, and written notice will be sent to Plaintiffs' counsel.

22.    Boar's Head has not sought similar relief.

23.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

24.    The Superior Court of New Jersey, Law Division, County of Monmouth is located within the District of New Jersey.  Thus, venue is proper under 28 U.S.C. § 1441(a).

25.    Removal is proper under 28 U.S.C. § 1441(b) because no properly joined defendant is a citizen of the State of New Jersey.

26.     By removing this action from the Superior Court of New Jersey, Law Division, County of Monmouth, Boar's Head does not waive any defenses it may have to this action.

27.     If any questions arise as to the propriety of the removal of this action, Boar's Head respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE**, Defendant Boar's Head, by and through its counsel, respectfully requests that this action currently pending in the Superior Court of New Jersey, Law Division, County of Monmouth, be removed therefrom to this Court.

Dated: January 23, 2025

Respectfully submitted,

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP

By:  /s/ *Courtney I. Howard*
          Courtney I. Howard

711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
choward@golenbock.com

*Of Counsel*:

Martin S. Hyman

Matthew C. Daly
Courtney Howard
GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
mhyman@golenbock.com
mdaly@golenbock.com
choward@golenbock.com

and

WEINBERG WHEELER HUDGINS GUNN
& DIAL, LLC
Alan M. Maxwell (*pro hac vice* application to come)
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
(404) 832-9515
amaxwell@wwhgd.com

*Attorneys for Defendant* BOAR'S HEAD
PROVISIONS CO., INC.