EXHIBIT A

Gina M. Nicasio, Esq.
Attorney ID No.: 311552021
ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
Attorneys for Plaintiff

| | |
|---|---|
| JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent), JOY GROSS individually, THOMAS PAGANO, and LAURA SMITH<br><br>Plaintiffs,<br><br>v.<br><br>BOAR'S HEAD PROVISIONS CO., INC., BOAR'S HEAD PROVISIONS, LLC, and EZ HOLDINGS, LLC,<br><br>Defendant's | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NUMBER: MON-L-003362-24<br><br>CIVIL ACTION<br><br>**SUMMONS** |

**From The State of New Jersey To The Defendant: BOAR'S HEAD PROVISIONS, LLC**

1201 Hays Street
Tallahassee, FL 32301

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee of $175.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith, Esq.
**Michelle M. Smith, Esq.,**
**Clerk of Superior Ct.**

DATED: **October 11, 2024**

Name of Defendant to Be Served:
Address of Defendant to Be Served:

BOAR'S HEAD PROVISIONS, LLC
525 Route 73 North
Marlton, New Jersey 08053

Gina M. Nicasio, Esq.
Attorney ID No.: 311552021
ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
Attorneys for Plaintiff

| | |
|---|---|
| JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent), JOY GROSS individually, THOMAS PAGANO, and LAURA SMITH<br><br>Plaintiffs,<br><br>v.<br><br>BOAR'S HEAD PROVISION CO., INC., BOAR'S HEAD PROVISIONS, LLC, and EZ HOLDINGS, LLC,<br><br>Defendant's | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NUMBER: MON-L-003362-24<br><br>CIVIL ACTION<br><br>**SUMMONS** |

**From The State of New Jersey To The Defendant: EZ HOLDINGS, LLC**

      The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee of $175.00 and completed Case Information Statement) if you want the Court to hear your defense.

      If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment

      If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                  /s/ Michelle M. Smith, Esq.
                                  **Michelle M. Smith, Esq.,**
                                  **Clerk of Superior Ct.**

DATED: **October 11, 2024**

Name of Defendant to Be Served:         EZ HOLDINGS, LLC
Address of Defendant to Be Served:       525 Route 73 North
                                       Marlton, New Jersey 08053

Gina M. Nicasio, Esq.
Attorney ID No.: 311552021
**ELEFTERAKIS, ELEFTERAKIS & PANEK**
80 Pine Street, 38th Floor
New York, New York 10005
Phone: (212) 532-1116
Fax: (212) 532-1176
Attorneys for Plaintiffs, *JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent) and THOMAS PAGANO*

| | |
|---|---|
| JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent), JOY GROSS Individually, THOMAS PAGANO, and LAURA SMITH,<br><br>      Plaintiffs,<br><br>   v<br><br>BOAR'S HEAD PROVISION CO., INC., BOAR'S HEAD PROVISIONS, LLC, and EZ HOLDINGS, LLC,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NUMBER: MON-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent), JOY GROSS Individually, THOMAS PAGANO, and LAURA SMITH, by their attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, by way of a Complaint against Defendants, BOAR'S HEAD PROVISION CO., INC., BOAR'S HEAD PROVISIONS, LLC, and EZ HOLDINGS, LLC, alleges upon information and belief, as follows:

## **PARTIES**

1.   Plaintiff, JOY GROSS, is a surviving child of the Decedent, MARILYN PAGANO, and Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent),

and is a is a citizen of Red Bank, New Jersey.

2.    Plaintiff, THOMAS PAGANO, the surviving spouse of MARILYN PAGANO (Decedent), and is a citizen of Port Monmouth, New Jersey.

3.    Plaintiff, LAURA SMITH, is a surviving child of MARILYN PAGANO (Decedent), and is a citizen of Staten Island, New York.

4.    Defendant, BOAR'S HEAD PROVISION CO., INC. (hereinafter "Defendants") is a corporation organized and existing under the laws of the State of Florida, with its headquarters located at 1819 Main St., Sarasota, FL 34236. It may be served through its registered agent Corporate Service Provisions Co., Inc., 1201 Hays Street, Tallahassee, FL 32301.

5.    Defendant, BOAR'S HEAD PROVISIONS, LLC (hereinafter "Defendants") is a Domestic Corporation organized and existing under the laws of the State of New Jersey, with a Principal Place of Business at 377 Valley Road, Unit 1270, Clifton, New Jersey 07013. It may be served through its registered agent Northwest Registered Agent, LLC, 525 Route 73 North, Marlton, New Jersey 08053.

6.    Defendant, EZ HOLDING, LLC (hereinafter "Defendants") is a Domestic Corporation existing under the laws of the State of New Jersey, and are members/managers of Defendant, BOAR'S HEAD PROVISIONS, LLC, who have a Principal Place of Business at 377 Valley Road, Unit 1270, Clifton, New Jersey 07013 and may be served through its registered agent Northwest Registered Agent, LLC, 525 Route 73 North, Marlton, New Jersey 08053.

## FACTS AND ALLEGATIONS

1.    Plaintiff, Marilyn Pagano (hereinafter "Decedent"), died on July 4, 2024, as a result of complications due to *Listeria Meningoencephalitis*, as is listed on her death certificate as cause of death.

2

2.      Listeria Meningoencephalitis or *Listeriosis* is a serious infection caused by eating food contaminated with the bacterium *Listeria monocytogenes*.  The disease primarily affects individuals of advanced age, pregnant women, newborns, and adults with weakened immune systems.  However, people without these risk factors can also be affected.  There is no way for a consumer to know that they are consuming food contaminated with *Listeria monocytogenes* bacteria, as the infected foods have no "onion properties". In other words, unlike when you cut an onion and have a reaction, there is no look, smell, or taste that would alert a person that they are consuming contaminated foods.

3.      Listeriosis can cause a host of symptoms, including but not limited to fever, muscle aches, headache, stiff neck, confusion, loss of balance and convulsions sometimes preceded by diarrhea or other gastrointestinal symptoms. Listeria poisoning can quickly lead to an invasive infection that spreads beyond the gastrointestinal tract. Serious and sometimes fatal infections can occur in older adults and people with weakened immune systems. These can include meningitis and dementia. In other victims, listeria can cross the blood brain barrier and cause encephalitis and meningitis, often accompanied by a fever and neck, back, or head pain. Listeriosis is treated with antibiotics.

4.      People in the higher-risk categories who experience flu-like symptoms within two months after eating contaminated food should seek medical care and tell the health care provider about eating the contaminated food.

**Boar's Head Product Listeria Outbreak**

5.      On July 19, 2024, the U.S. Food and Drug Administration ("FDA") and the Centers for Disease Control and Prevention (CDC), along with health and regulatory officials in several states, and the U.S. Department of Agriculture's Food Safety and Inspection Service (USDA-FSIS), announced an investigation into the multistate outbreak confirmed cases of Listeria monocytogenes.  To date, the CDC has identified multiple victims across various states that have

fallen ill because of the outbreak. Ten people have died as a result of consuming contaminated food products.

6.    As the investigation has unfolded, epidemiologic, laboratory, and traceback data pointed to meats sliced at deli counters.  The CDC identified Boar's Head brand liverwurst as the likely source.  Among the agencies involved in the investigation is the Maryland Department of Health, which, in collaboration with the Baltimore City Health Department, collected an unopened liverwurst product from a retail store for testing as part of an outbreak investigation.  It tested positive for the outbreak strain of *L. monocytogenes* matching that found in the victims' lab samples.

7.    On July 26, 2024, Boar's Head Provisions Co., Inc., located in Jarratt, Virginia., recalled all liverwurst products produced by the establishment that were in the stream of commerce because of the possibility it was adulterated with *Listeria monocytogenes*. The company also recalled additional deli meat products that were produced on the same line and on the same day as the liverwurst and, therefore, also possibly adulterated with *L. monocytogenes*. Boar's Head recall included approximately 207,528 pounds of deli style meat.

8.    Notwithstanding the recall, FSIS remains concerned that some products may be in consumers' refrigerators and in retail deli cases. Consumers who have purchased these products are urged not to consume them and retailers are urged not to sell these products with the referenced sell by dates. These products should be thrown away or returned to the place of purchase. Consumers who have purchased these products are also urged to clean refrigerators thoroughly to prevent the risk of cross-contamination.

9.    Federal Inspectors continue to identify numerous violations at Boar's Head's deli meat plant in Jarratt, Virginia as part of their investigation into the Listeria Outbreak.

10. In fact, the Boar's Head Plant had been written up dozens of times by inspectors, with issues dating back over two years, prior to the deadly outbreak that killed Mrs. Pagano. The USDA is undertaking an investigation into the outbreak, in order to assess whether criminal charges are warranted.

## Mrs. Pagano's Illness

11. In the weeks before her death, Marilyn Pagano, purchased Boar's Head deli products, as she had in the past. In the coming days, she consumed them on various occasions. She subsequently became ill, suffering from a stiff neck, headache, weakness, diarrhea, and fatigue, and had to be hospitalized.

12. On June 16, 2024, Mrs. Pagano arrived at Riverview Medical Center by ambulance, shortly after 7:00 PM. That evening, Mrs. Pagano developed a fever of 105 degrees. She was given a spinal tap, which was difficult to administer as she was moaning and writhing in pain.

13. Eventually, the hospital was able to complete the spinal tap, and the results came back positive for listeria meningitis. Mrs. Pagano was started on two separate antibiotics. In a matter of two days her condition worsened, and she was transferred from CCU to ICU and placed on a ventilator.

14. On June 25, 2024, her fever continued to return. Further testing showed that Mrs. Pagano's infection had spread, and she developed acute respiratory issues. She began having seizures.

15. On June 28, 2024, Mrs. Pagano's family had to make the difficult decision to remove her from the ventilator as radiological testing showed brain swelling from the Listeria

Meningitis and slowed brain activity. Her family was advised that her death would be quick, but they spent the next couple of agonizing days watching their mother and Wife slip away, while in pain. Mrs. Pagano died from complications from Listeria Meningitis.

**16.**    Health officials later determined that Mrs. Pagano was a confirmed case in the Boar's Head Listeria Outbreak.

<u>**COUNT I:**</u>
<u>**STRICT LIABILITY**</u>

**1.**    Plaintiffs restate and reallege paragraphs 1-16 as if fully restated herein.

**2.**    At all times relevant herein, Defendants were in the business of producing, manufacturing, preparing, marketing, selling, supplying, and serving food (hereinafter "the product") to the public.

**3.**    There was a manufacturing defect in the product when it left Defendant's possession and control. The product was defective because it contained *listeria.* The presence of *listeria* was a condition of the product that rendered it unreasonably dangerous to decedent.

**4.**    There was a marketing defect in the product when it left Defendant's possession and control. The product was defective because it contained *listeria* and Defendant failed to properly handle and inspect the product so as to realize the potential *listeria* contamination, as well as failing to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known. Defendants also failed to give adequate warnings and instructions to avoid such dangers. Defendant's failure to provide such warnings and instructions rendered the product unreasonably dangerous to decedent.

**5.**    The product reached Decedent without substantial change in the condition in which the product was sold.

**6.**    The product was defective and unreasonably dangerous at the time that it was manufactured and distributed and at the time Decedent was exposed to it.  Said defects in the product include, but are not limited to:

   a.   Contamination with listeria bacteria, a deadly pathogen;

   b.   The presence of listeria in the product;

   c.   The products were designed and manufactured in such a way, and under such conditions, that led it to be adulterated;

   d.   Lack of sufficient warnings to advise consumers of the hazards presented due to the presence of *listeria*;

   e.   The product failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by Decedent;

   f.   The risk of damage in the product's design outweighed the benefits obtained with the use of the product and reasonable alternatives to the contaminated product were readily available; and

   g.    The product failed to perform safely and reached decedent without substantial change affecting its condition.

**7.**    Defendant's conduct and the defective product was a direct, proximate, and producing cause of Decedent, Marilyn Pagano's injuries and damages.

**8.**    The Decedent ingested listeria from the product and developed listeriosis, encephalitis, meningitis, sepsis, and sustained other injuries as a result of the ingestion of the product.

9.     The ingestion of the product, contaminated with *listeria* caused great pain and suffering, including anguish of mind and body and loss of capacity for the enjoyment of life and said injuries directly and proximately caused Decedent's death.

10.     As a further direct and proximate result of the defects described above, and the wrongful death of Decedent, her Estate has incurred damages pursuant to the New Jersey Wrongful Death Statute.

11.     As a further direct and proximate cause of the defects described above and the wrongful death of Decedent, Mrs. Pagano's surviving spouse, Thomas Pagano, and her two surviving children, Joy Gross and Laura Smith, have suffered and will suffer damages pursuant to the New Jersey Wrongful Death Statute, including, but not limited to the loss of decedent's support and services, companionship, protection, instruction, and guidance, medical or funeral expenses due to the decedent's injury and death, and has suffered and will continue to suffer mental pain and suffering. This includes losses from the date of her injury to her death, and future loss of support and services from the date of death, mental pain and suffering from the time of her injury, and medical and funeral expenses.

12.     Plaintiffs, the Estate, and the Survivors claim any and all other damages to which the Decedent, the Plaintiffs, the survivors and the Estate may be entitled to under applicable law.

13.     Defendant is therefore strictly liable for manufacturing, distributing, marketing, and selling defective and unreasonably dangerous products and introducing them into the stream of commerce.

WHEREFORE, Plaintiffs, JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent), JOY GROSS Individually, THOMAS PAGANO, and LAURA SMITH, demand judgement against the Defendants, Defendants, BOAR'S HEAD

PROVISION CO., INC., BOAR'S HEAD PROVISIONS, LLC, and EZ HOLDINGS, LLC, jointly, severally and/or jointly and severally, for damages, together with interest, costs of suit and such other relief as the Court deems necessary and proper.

## COUNT II
## NEGLIGENCE AND NEGLIGENCE PER SE

1.  Plaintiffs reallege and reasserts Count I and paragraphs 1-16, preceding, as if fully alleged herein.

2.  Defendants, at all times, owed Decedent a duty of ordinary care in the preparation, testing, packaging, labelling, marketing, distribution, and/or selling of the product in such a manner that the product would be safe and not pose an unreasonable risk of harm to the life and safety of the consumer, including Decedent, when the product was used in a foreseeable manner.

3.  Further, Defendant owed Decedent the duty of warning or instructing Decedent of potentially hazardous or life-threatening conditions with respect to the product.

4.  At all times Defendant knew, or in the exercise of ordinary care should have known, that its product contained or was contaminated with listeria.

5.  At all times Defendant knew, or in the exercise of ordinary care should have known, that the listeria in its product was invisible to the naked eye, and yet when ingested during the course of ordinary and foreseeable use could and did cause terminal illness and death.

6.  Defendant breached its duties in one or more of at least the following ways:

    a.  Negligently manufacturing, distributing, and/or marketing the product;

    b.  failing to properly test the product before placing it into the stream of commerce;

    c.      failing to prevent human and/or animal feces from coming into contact with the product;

    d.      failing to adequately monitor the safety and sanitary conditions of its premises;

    e.      failing to apply its own policies and procedures to ensure the safety and sanitary conditions of its premises;

    f.      failing to adopt and/or follow FDA recommended good manufacturing practices;

    g.      failing to take reasonable measures to prevent the transmission of *listeria* and related filth and adulteration from its premises;

    h.      failing to properly train and supervise its employees and agents to prevent the transmission of *listeria* and related filth and adulteration from its premises;

    i.      failing to warn Decedent and the general public of the dangerous propensities of the product, particularly that it was contaminated with *listeria*, despite knowing or having reason to know of such dangers; and

    j.      failing to timely disclose post-sale information concerning the dangers associated with the product.

    **7.**     Furthermore, Defendant had a duty to comply with all applicable Federal and State health regulations, including but not limited to the FDA's Good Manufacturing Practices Regulations, 21 C.F.R. part 110, subparts (A)- (G), and all statutory and regulatory provisions that applied to the manufacture, distribution, storage, and/or sale of the products or their ingredients, including but not limited to, the *Federal Food, Drug, and Cosmetics Act*, § 402(a), as codified at

21 U.S.C. § 342(a), which bans the manufacture, sale and distribution of any "adulterated" food, and provisions of the New Jersey Administrative Code.

8.      The product was adulterated because it contained *listeria*. Thus, by the manufacture, distribution, delivery, storage, sale, and/or offering for sale of the product and/or the product's ingredients, Defendant breached is statutory and regulatory duties.

9.      Decedent was a member of the classes who ought to be protected by the regulations and statutes identified above.

10.      Decedent ingested listeria and developed listeriosis, encephalitis, meningitis, sepsis, and sustained other injuries as a result of the ingestion of the product.

11.      The ingestion of the product, contaminated with listeria exacerbated previous infirmity, caused great pain and suffering, including anguish of mind and body and loss of capacity for the enjoyment of life and said injuries directly and proximately caused Decedent's death.

12.      As a further direct and proximate result Defendant's negligence, and the wrongful death of Decedent, her Estate has incurred damages pursuant to the Florida Wrongful Death Act, including, but not limited to, loss of the prospective net accumulations of an estate, which might reasonably have been expected but for the wrongful death, reduced to present money value, medical expenses and/or funeral expenses that have become a charge against his estate or that were paid by or on behalf of the decent, as well as other damages.

13. As a further direct and proximate cause of the defects described above and the wrongful death of Decedent, Mrs. Pagano's surviving spouse, Thomas Pagano, and her two surviving children, Joy Gross and Laura Smith, have suffered and will suffer damages pursuant to the New Jersey Wrongful Death Statute, including, but not limited to the loss of decedent's

support and services, companionship, protection, instruction, and guidance, medical or funeral expenses due to the decedent's injury and death, and has suffered and will continue to suffer mental pain and suffering. This includes losses from the date of her injury to her death, and future loss of support and services from the date of death, mental pain and suffering from the time of her injury, and medical and funeral expenses.

**14.** Plaintiffs, the Estate, and the Survivors claim any and all other damages to which the Decedent, the Plaintiffs, the survivors and the Estate may be entitled to under applicable law.

WHEREFORE, Plaintiffs, JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent), JOY GROSS Individually, THOMAS PAGANO, and LAURA SMITH, demand judgement against the Defendants, Defendants, BOAR'S HEAD PROVISION CO., INC., BOAR'S HEAD PROVISIONS, LLC, and EZ HOLDINGS, LLC, jointly, severally and/or jointly and severally, for damages, together with interest, costs of suit and such other relief as the Court deems necessary and proper.

### COUNT III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**1.** Plaintiffs reallege and reasserts Count I and II, and Paragraphs 1-16, preceding, as if fully alleged herein.

**2.** Defendants, at all times, owed Decedent a duty of ordinary care in the preparation, testing, packaging, labelling, marketing, distribution, and/or selling of the product in such a manner that the product would be safe and not pose an unreasonable risk of harm to the life and safety of the public consumer, including Decedent, when the product was used in a foreseeable manner.

**3.** Further, Defendant owed Decedent the duty of warning or instructing Decedent of

potentially hazardous or life-threatening conditions with respect to the product.

4.      At all times Defendant knew, or in the exercise of ordinary care should have known, that its product contained or was contaminated with listeria.

5.      At all times Defendant knew, or in the exercise of ordinary care should have known, that the listeria in its product was invisible to the naked eye, and yet when ingested during the course of ordinary and foreseeable use could and did cause the terminal illness and death of the Decedent.

6.      Plaintiffs, Thomas Pagano, Joy Gross, and Laura Smith are immediate family members of the Plaintiff Decedent, Marilyn Pagano. As a result of the negligence of the Defendants, the Decedent's family had to make the difficult decision to remove her from the ventilator, after witnessing her suffer in pain for weeks. Her family watched their mother and Wife die, while in pain, over the next couple of days, until she ultimately succumbed to her injuries on July 4, 2024.

7.      As a result of the severe pain and untimely death of their wife and mother, Plaintiffs, Thomas Pagano, Joy Gross, and Laura Smith suffered and continue to suffer severe emotional distress due to the negligence of the Defendants herein.

WHEREFORE, Plaintiffs, JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent), JOY GROSS Individually, THOMAS PAGANO, and LAURA SMITH, demand judgement against the Defendants, Defendants, BOAR'S HEAD PROVISION CO., INC., BOAR'S HEAD PROVISIONS, LLC, and EZ HOLDINGS, LLC, jointly, severally and/or jointly and severally, for damages, together with interest, costs of suit and such other relief as the Court deems necessary and proper.

## COUNT IV
## PUNITIVE DAMAGES

**1.** Plaintiffs reallege and reasserts Count I, II, and III, as well as Paragraphs 1-16, preceding, as if fully alleged herein.

**2.** Defendants had well over a year of repeated sanitation failures, totaling upwards of sixty violations at Boar's Head's Virginia plant, which appears to have ignited a Listeria outbreak that has sickened close to sixty (60) people across 18 states and claimed ten (10) lives, including the Plaintiff Decedent herein.

**3.** A U.S. Department of Agriculture inspection report detailing significant sanitation failures at a Boar's Head meat processing facility. The inspection report, obtained by CBS News through a Freedom of Information Act (FOIA) request, documents 69 instances of noncompliance observed by USDA Food Safety and Inspection Service (FSIS) inspectors between Aug. 1, 2023, and Aug. 2, 2024.

**4.** Defendants had actual notice of the copious violations throughout its food processing facilities and did nothing to remedy and/or warn the public of the lurking dangers associated with consuming its food products.

**5.** The aforesaid actions or inactions of Defendants, specifically, the outrageous, wanton, and willful disregard for the safety protection and wellbeing of the public at large, specifically the Plaintiff Decedent, Marilyn Pagano, and her family, which warrants the imposition of punitive damages.

**6.** The Decedent Plaintiff was a person who would foreseeably be harmed by such acts and omissions and was in fact harmed to the greatest degree possible as a result.

**7.** Plaintiffs seeks damages pursuant to N.J.S.A. 2A:15-5.9, et seq., Punitive Damages Act.

**8.**    As a further direct and proximate cause of the defects described above and the wrongful death of Decedent, Mrs. Pagano's surviving spouse, Thomas Pagano, and her two surviving children, Joy Gross and Laura Smith, have suffered and will suffer damages pursuant to the New Jersey Wrongful Death Statute, including, but not limited to the loss of decedent's support and services, companionship, protection, instruction, and guidance, medical or funeral expenses due to the decedent's injury and death, and has suffered and will continue to suffer mental pain and suffering. This includes losses from the date of her injury to her death, and future loss of support and services from the date of death, mental pain and suffering from the time of her injury, and medical and funeral expenses.

**9.**    Plaintiffs, the Estate, and the Survivors claim any and all other damages to which the Decedent, the Plaintiffs, the survivors and the Estate may be entitled to under applicable law.

WHEREFORE, Plaintiffs, JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent), JOY GROSS Individually, THOMAS PAGANO, and LAURA SMITH, demand judgement against the Defendants, Defendants, BOAR'S HEAD PROVISION CO., INC., BOAR'S HEAD PROVISIONS, LLC, and EZ HOLDINGS, LLC, jointly, severally and/or jointly and severally, for damages, together with interest, costs of suit and such other relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10(b), demand is hereby made that Defendants disclose to Plaintiffs' attorney whether there are any insurance agreements or policies under which any

person or firm carrying on an insurance business may be liable to satisfy part or all of a judgement and provide Plaintiffs' attorneys with true copies of such insurance agreements or policies, including but not limited to, any and all Declaration sheets. This Demand shall be deemed to include and cover not only primary coverage but also any and all excess, general liability, catastrophe, and umbrella policies.

## DEMAND FOR ANSWERS TO INTERROGATORIES

PLEASE TAKE NOTICE that the Plaintiffs hereby demands of the Defendants written answers to Uniform Interrogatories within the time prescribed by the Rules of the Court.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Gina M. Nicasio, Esq. is designated as trial counsel.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by this Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,
ELEFTERAKIS, ELEFTERAKIS & PANEK

Dated: October 8, 2024                 By: /s/ *Gina M. Nicasio*
                                       Gina M. Nicasio

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-003362-24

**Case Caption:** GROSS JOY  VS BOAR'S HEAD PROVISIO
NS CO, IN

**Case Initiation Date:** 10/08/2024

**Attorney Name:** GINA MARIE NICASIO

**Firm Name:** ELEFTERAKIS & ELEFTERAKIS PC

**Address:** 80 PINE ST 38TH FL

NEW YORK NY 10005

**Phone:** 2125321116

**Name of Party:** PLAINTIFF : Gross, Joy

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Joy Gross?** NO

**Are sexual abuse claims alleged by: Thomas Pagano?** NO

**Are sexual abuse claims alleged by: Laura Smith?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition?**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?**  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/08/2024                                               /s/ GINA MARIE NICASIO
Dated                                                                    Signed

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD        NJ 07728

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   OCTOBER 08, 2024
                        RE:     GROSS JOY  VS BOAR'S HEAD PROVISIO NS CO, IN
                        DOCKET: MON L -003362 24


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON LINDA G. JONES

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (732) 358-8700 EXT 87549.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                            ATT: GINA M. NICASIO
                            ELEFTERAKIS & ELEFTERAKIS PC
                            80 PINE ST 38TH FL
                            NEW YORK        NY 10005


ECOURTS

P23121211

JOY GROSS, As Proposed Administratrix of the ESTATE OF
MARILYN PAGANO (Decedent), JOY GROSS individually, THOMAS
PAGANO, and LAURA SMITH
PLAINTIFF
- vs -
BOARS HEAD PROVISIONS CO., INC., ETAL
DEFENDANT

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION MONMOUTH COUNTY
Docket No. MON-L-003362-24

**Person to be Served**
BOARS HEAD PROVISIONS, LLC
C/O NORTHWEST REGISTERED AGENT
525 ROUTE 73 NORTH
SUITE 104
MARLTON NJ 08053

**AFFIDAVIT OF SERVICE**
(For Use By Private Service)

**Papers Served**: CIVIL CASE INFORMATION STATEMENT, SUMMONS AND COMPLAINT
**Service Data:**
Served Successfully **X**  Not Served _____  Date: 12/23/2024 Time: 12:40 PM Attempts:
_____

| | |
|---|---|
| ---- Delivered a copy to him/her personally | Name of person served and relationship / title: |
| ___ Left a copy with a competent household member of over 14 years of age residing therein. | CHRISTINE MOWAD RECEPTIONIST |
| **x** Left a copy with a person authorized to accept service, who provided verbal confirmation that he or she is authorized by appointment or law to receive service on behalf of the Defendant. | |

**Description of Person Accepting Service:**

SEX: **FEMALE**    COLOR: **WHITE**    HAIR: **BLACK**    APP.AGE: **38**    APP. HT: **5'7**    APP. WT: **160**
OTHER:

**Comments Or Remarks:**

I, CHARLES MONTELEONE, was at the time of
service a competent adult not having a direct
interest in the litigation. I declare under
penalty of perjury that the foregoing is true
and correct.

Sworn to before me this
27 day of DEC ,2024

_Charles Monteleone_
___
Signature of Process Server              Date

RYAN P. MACK
NOTARY PUBLIC OF NEW JERSEY
COMMISSION # 50024174
MY COMMISSION EXPIRES 09/28/2025
STATE OF NEW JERSEY NOTARY PUBLIC

Client File Number:

Lexitas
219 South Street STE 102
New Providence, NJ 07974
908-897-0273
ELEFTERAKIS, ELEFTERAKIS & PANEK



P23019316

JOY GROSS, As Proposed Administratrix of the ESTATE OF MARILYN PAGANO (Decedent), JOY GROSS individually, THOMAS PAGANO, and LAURA SMITH
**PLAINTIFF**
– vs –
BOARS HEAD PROVISIONS CO., INC., ETAL
**DEFENDANT**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION MONMOUTH COUNTY
Docket No. MON-L-003362-24

**Person to be Served**
BOARS HEAD PROVISION CO, INC
C/O NORTHWEST REGISTERED AGENT
525 ROUTE 73 NORTH
SUITE 104
MARLTON NJ 08053

**AFFIRMATION OF SERVICE**
(For Use By Private Service)

**Papers Served:** CIVIL CASE INFORMATION STATEMENT, SUMMONS AND COMPLAINT
**Service Data:**
Served Successfully **X** Not Served _____ Date: **12/09/2024** Time: **09:50 AM** Attempts: _____

___ Delivered a copy to him/her personally

**Name of person served and relationship / title:**

VICTORIA CLARKE

RECEPTIONIST

___ Left a copy with a competent household member of over 14 years of age residing therein.

**x** Left a copy with a person authorized to accept service, who provided verbal confirmation that he or she is authorized by appointment or law to receive service on behalf of the Defendant.

**Description of Person Accepting Service:**

SEX: **FEMALE**     COLOR: **WHITE**     HAIR: **RED**     APP.AGE: 35     APP. HT: 5'8"     APP. WT: 130
OTHER:

**Comments Or Remarks:**

**WHEREFORE,** I affirm this **09TH** day of **DECEMBER, 2024** under the penalties of perjury under the laws of the state of New York, which may include a fine or imprisonment that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law

CHARLES MONTELEONE
Lexitas
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Client File Number:
ELEFTERAKIS, ELEFTERAKIS & PANEK